**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW LUSANE | ) CASE NO. 5:18 CV 1513 |
| Petitioner, | ) |
| | ) JUDGE JOHN R. ADAMS |
| v. | ) |
| | ) <u>MEMORANDUM OF OPINION</u> |
| CHARMAINE BRACY, | ) <u>AND ORDER</u> |
| | ) |
| Respondent. | ) |

*Pro se* Petitioner Matthew Lusane filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He is currently incarcerated in the Trumbull Correctional Institution, having been convicted in 2014 of Operating a Vehicle Under the Influence ("OVI"), and Driving Under Suspension. In this action, Petitioner is attacking his 2005 conviction in Portage County Municipal Court Case No. 2005 TCR 11364 that was used to enhance the OVI charges in his current conviction to fourth-degree felonies. His sentence for that 2005 conviction was thirty days in jail. He contends his 2005 conviction must be declared invalid because there is no evidence that he pled guilty or that the municipal court conducted the required Crim.R. 11(C) hearing prior to accepting his guilty plea. He asks this Court to vacate his 2005 conviction and immediately release him from prison.

**I.     Procedural Background**

Petitioner was the subject of a traffic stop in Ravenna, Ohio on August 28, 2005. He was cited for OVI (3rd offense), and three other offenses. The citations were filed in the Ravenna

Division of the Portage County Municipal Court. Within seven days of the Ravenna stop, Petitioner was again the subject of a traffic stop, this time in Kent, Ohio. He was cited for OVI and other traffic violations. Those citations were filed in the Kent Division of the Portage County Municipal Court. Petitioner entered a no contest plea to the Kent OVI charge on December 5, 2005 in exchange for the dismissal of the remaining traffic offenses. The court accepted his plea and sentenced him to thirty days in jail. Three weeks later, on December 27, 2005, the Ravenna court issued two judgments. On the case file jacket, the court indicated Petitioner had entered a guilty plea to the OVI charge in exchange for dismissal of the other charges. In a second sentencing entry, the court imposed a thirty day jail term, suspended his license for two years, and fined him $ 550.00. Neither the Kent judgment nor the Ravenna judgement made reference to the other court's action. Petitioner did not appeal the judgment in the Ravenna case.

On January 7, 2011, Petitioner received another citation from Ravenna for an OVI offense. Because this was Petitioner's fourth offense within six years, he was charged with a fourth degree felony. Petitioner agreed to plead guilty to a first degree misdemeanor in exchange for dismissal of the remaining charges. He was sentenced on July 30, 2012 to serve 60 days in the Portage County Jail, pay a fine of $850.00 and undergo a license suspension of five years.

On April 28, 2011, while the felony case was still pending, Petitioner filed a Motion to Vacate his conviction in the 2005 Ravenna case stating that his guilty plea was invalid because, as part of his plea agreement in the Kent case, the state expressly agreed to dismiss all pending traffic citations, including those in Ravenna. He also argued that although the jacket of the file indicated he had entered a guilty plea to the OVI charge on December 27, 2005, he had no recollection of

attending a hearing in Ravenna court on that day. He further presented the testimony of a Ravenna court reporter who indicated she had no record of notes taken in a hearing for Petitioner that day. The Ravenna court held a hearing and denied the Motion stating there was no record in the Kent case that his plea deal covered the Ravenna charges. The court also noted that Petitioner had filed a motion in Ravenna to perform community service in lieu of paying the fine assessed, demonstrating he was well aware of his sentence in that court.

Petitioner appealed that decision. The Ohio Eleventh District Court of Appeals upheld the Ravenna court's ruling, but indicated the Motion should have been construed as a Post Conviction Petition and denied on procedural grounds as untimely.

In July 2013, Petitioner was indicted on two OVI offenses and one count of driving with a suspended license, a first-degree misdemeanor under Ohio Rev. Code § 4510.11(A). The OVI charges were brought pursuant to Ohio Rev. Code §§ 4511.19(A)(1)(h) and 4511.19(A)(1)(a), and alleged that Petitioner pled guilty to, or had been convicted of, five prior OVI offenses within the last twenty years making making the current OVI charges fourth-degree felonies pursuant to Ohio Rev. Code § 4511.19(G)(1)(d). The OVI counts also contained a repeat offender specification under Ohio Rev. Code § 2941.1413, predicated upon the allegation that Petitioner had either been convicted of, or pleaded guilty to, five other OVI offenses in the past twenty years. Petitioner moved the trial court to dismiss all OVI counts on the basis that one of the five prior offenses, specifically the 2005 Ravenna case, was invalid because no plea hearing was held. He contended that, as he had only four valid prior convictions, he could only be charged with a first-degree misdemeanor OVI offense, as compared to a fourth-degree felony.

The trial court conducted an evidentiary hearing on Petitioner's Motion and denied it, finding sufficient evidence to show Petitioner had at least five valid prior OVI convictions allowing him to be charged with felony OVI. In 2014, Petitioner was found guilty of both OVI charges, the two accompanying repeat offender specifications, and the separate charge of driving while under suspension. The two OVI charges and accompanying specifications were merged at sentencing. The court imposed two consecutive terms of two years on the remaining OVI charge and four years on the remaining specification. The court further imposed a concurrent term of 180 days for driving under suspension.

Petitioner appealed that conviction and asserted as one of the grounds for relief that the 2005 Ravenna conviction used to support the five prior convictions for a felony charge was invalid. The Eleventh District Court of Appeals upheld the conviction, stating that Petitioner could not collaterally attack a prior conviction in that appeal.

Undeterred, Petitioner returned to the Ravenna Division of the Portage County Municipal Court on June 10, 2016 and filed a Motion to Withdraw his Guilty Plea in his 2005 OVI case. He again argued that his 2005 conviction was invalid because the docket contained no evidence that he pled guilty or received a plea hearing. The court denied the Motion stating it was barred by *res judicata*. He appealed that decision to the Eleventh District Court of Appeals, which affirmed the decision on April 25, 2017, stating that the arguments could and should have been presented on direct appeal. Petitioner appealed that decision to the Supreme Court of Ohio, which declined to accept jurisdiction on January 2, 2018.

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his 2005 OVI from the Ravenna Division of the Portage County Municipal Court. He asserts four grounds for relief:

> 1. Petitioner's Fourteenth Amendment right to due process of law under the United States Constitution was violated. No record exists of Petitioner being in open court to enter a plea nor is there a written agreement to plead guilty.
>
> 2. Petitioner's Sixth Amendment right to counsel and Fourteenth Amendment right to due process of law under the United States Constitution was violated. He indicates he had counsel but his counsel did not appear for him on December 27, 2005 because no hearing was conducted that day. He contends the court sentenced him without his attorney present which denied him his right to counsel.
>
> 3. Petitioner did not knowingly and voluntarily plead guilty to OVI in Ravenna.
>
> 4. Petitioner was denied due process and equal protection when he was denied a delayed direct appeal. He contends he was not informed he could file an appeal until well after the thirty days to file an appeal had expired.

## II.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a

writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

### III. Analysis

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, Petitioner must show that he is "in custody" pursuant to the judgment of a state court. 28 U.S.C. § 2254(a). Because Petitioner is no longer serving the sentence for his 2005 conviction, he cannot bring a federal habeas action directed solely at that conviction. *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401-408 (2001). Moreover, his Petition cannot be construed as asserting a challenge to his 2014 OVI conviction for which he is currently serving a six year sentence, as enhanced by the allegedly invalid 2005 conviction, because he already filed a habeas petition to challenge that conviction and it is still pending in this Court. *Lusane v. Bracy*, No. 5:18 CV 632 (N.D. Ohio filed Mar. 19, 2018).

**IV.     Conclusion**

Accordingly, the Petition is denied and that this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Date: November 14, 2018                       /s/ John R.Adams
                                                                    JOHN R. ADAMS
                                                                    UNITED STATES DISTRICT JUDGE